*E-Filed: February 14, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CELESTE LANDINI,<br><br>      Plaintiff,<br>v.<br><br>FIA CARD SERVICES, NATIONAL ASSOCIATION, ET AL.,<br><br>      Defendants. | No. C13-01153 HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: Docket No. 33] |

Plaintiff Celeste Landini sues Defendant FIA Card Services, N.A. ("FIA") for failing to reasonably investigate her dispute in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C § 1681s-2(b). She also brings related state law claims for alleged violations of the California Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. Code § 1785.25(a), as well as California's Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code § 17200. FIA moves for summary judgment on all claims. Both parties consented to having all matters proceed before the undersigned. Based on the moving and responding papers, as well as the arguments of counsel at the hearing on February 11, 2014, the Court grants the motion.

BACKGROUND

Landini opened a credit card account with FIA in November 2001. *See* Declaration of Dawn Vaughn, Dkt. 33-1, at ¶2 ("Vaughn Decl."). She failed to make a payment in April 2009 and made no further payments thereafter. *Id.* at ¶3. In November 2009, FIA charged off the account. *Id.* at ¶4. Nearly two years later, on October 21, 2011, Landini filed for bankruptcy and included her FIA

account. *See* Declaration of Celeste Landini, Dkt. 35-3, at ¶3 ("Landini Decl."). The account was discharged by order of the bankruptcy court on January 24, 2012. *Id.* at ¶5.

In October 2012, Landini sent a dispute letter to Experian advising that the charge off notations on her FIA account in October 2011 and January 2012 were inaccurate because the account was discharged through bankruptcy. *See* Declaration of Joe Ibarguen, Dkt. 35-5, at ¶5, Ex. A ("Ibarguen Decl."). In November, Experian sent FIA an Automated Consumer Dispute Verification (ACDV) informing FIA of Landini's dispute and requesting that FIA verify the accuracy of the information.[1] FIA responded to the ACDV in December confirming the accuracy of its information.[2] Experian then sent Landini and Reinvestigation Report dated December 21, 2012. *See* Declaration of Cristyn N. Chadwick, Dkt. 33-2, Ex. H ("Chadwick Decl."). That report indicates that FIA reported that the account had a $0 balance and was discharged through bankruptcy in January 2012. *Id.* It does not show any charge off notations, nor does it indicate that any of the information is disputed. *Id.* FIA conceded that it did in fact report the account as charged off in October 2011. *See* Amended Declaration of Jarrett S. Osborne-Revis, Dkt. 37-1, Ex. D ("Am. Osborne-Revis Decl."). Landini asserts that FIA also reported the account as charged off in January 2012. *See* Opposition to FIA's Motion for Summary Judgment, Dkt. 35, at 3 ("Opposition").

In her First Amended Complaint ("FAC"), Landini alleges that FIA failed to reasonably investigate her dispute because it should have discovered the inaccuracies and corrected its misreporting. Specifically, FIA's continued reporting of the account as charged off is misleading and inaccurate because it suggests that FIA still has the ability to collect the debt, and such reporting violates industry standards which require reporting "no data" while bankruptcy is pending. Finally, FIA failed to report that Landini disputed the information.

FIA moves for summary judgment on the grounds that Landini has no evidence that FIA continued to report the account as charged off after receiving notice of her dispute, and in any case, it would not be inaccurate or materially misleading to report the historical fact that FIA charged off her account, notwithstanding that the account was subsequently retroactively discharged in

---

[1] No evidentiary support for this because Landini does not attach the ACDV; however, neither does FIA dispute its accuracy.
[2] Same

2

bankruptcy. Furthermore, Landini's dispute was not bona fide such that FIA had an obligation to report it.

## LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *See Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See id.* A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Id.*

## DISCUSSION

A. Evidentiary Challenges

First, FIA preemptively objects to the admissibility of a credit report Landini produced in discovery that was prepared by Suite Solutions. However, seemingly conceding the inadmissibility of the document, Landini expressly states in her Opposition that she does not rely on it. Likewise, the Court will not consider it.

Landini then objects to the Declaration of Dawn Vaughn in support of FIA's motion on the grounds that she was not named in FIA's initial disclosures as required by Rule 26(a)(1)(A)(i). FIA argues that its initial disclosures were in accordance with the rule because they were reasonable in light of the vague allegations of Landini's complaint. Additionally, FIA asserts that Landini is not prejudiced. Regardless of the sufficiency of FIA's initial disclosures, the Court agrees that Landini has not been prejudiced because the Dawn Declaration provides only basic account information of which Landini was already aware, and the information is duplicated in the declaration of Larry Parrott, to which Landini did not object. Accordingly, the Court will not strike the Vaughn Declaration.

Landini also asserts that to "the extent that FIA relies on Mr. Parrott's deposition testimony that it actually reported Ms. Landini's Bankruptcy proceeding to Experian, his statement should be excluded." However, FIA does not appear to rely on it, so the objection is moot.

Finally, FIA objects to the admissibility of two credit reports attached to Landini's Opposition that were not produced in discovery despite FIA's specific requests for production of credit reports. Landini only obtained these reports on January 21, 2014, the day her Opposition was due. However, parties are not only required to produce items they possess, but those within their control as well. *See* Fed. R. Civ. P. 34(a)(1). "Control is defined as the legal right to obtain documents upon demand." *U.S. v. Internat'l Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). Because Landini had the legal right to obtain her credit reports upon demand, such reports were within her control. Thus, Landini had a duty to obtain and produce such reports in response to FIA's requests for production prior to the close of discovery, and her failure to do so renders them inadmissible for this motion. *See* Fed. R. Civ. P. 37(b) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use

4

that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

B. Fair Credit Reporting Act

The FCRA imposes certain obligations on persons who furnish information to CRAs. *See* 15 U.S.C. § 1681s-2. Subsection (a) imposes a duty to provide accurate information; however, there is no private right of action for § 1681s-2(a). There is a private right of action based on subsection (b), which imposes a series of duties once a furnisher receives notice directly from a CRA that a consumer disputes the accuracy of the furnisher's reporting. *See* § 1682s-2(b). Upon notification, a furnisher must, among other things, conduct a reasonable investigation and update any information it finds to be inaccurate or incomplete. *Id.*; *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). Information can be inaccurate or incomplete if it is "patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012). Furnishers must also report bona fide disputes; however, there is no obligation to "report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading." *Gorman*, 690 F.3d at 1163.

FIA does not dispute that it received notice of Landini's dispute and that it had a corresponding duty to reasonably investigate her claim. Rather, FIA asserts that Landini has no evidence supporting its allegation that FIA continued reporting the charge off notation after receiving notice of her dispute. Larry Parrot did concede at his deposition that FIA did in fact report Landini's account as charged off in October 2011. However, that predated Landini's filing of bankruptcy, and Parrott did not testify that FIA continued to report her account as charged off after receiving notice of the dispute. The only admissible post-dispute credit report is the Experian Reinvestigation Report, which in fact does not indicate that FIA continued reporting the account as charged off.

Additionally, it is undisputed that FIA charged off Landini's account in November 2009; therefore, its reporting of the account as charged off in October 2011 was not inaccurate. Even if after receiving notice of Landini's dispute FIA continued to report Landini's account as charged off

5

as of October 20011, it would only be reporting historically accurate information. As courts in this district have consistently held, the reporting of historically accurate information, including charge offs, regarding a debt discharged through bankruptcy is not misleading pursuant to the FCRA. *See, e.g.*, *Mortimer v. Bank of America, N.A.*, No. C-12-01959 JCS, 2013 WL 1501452 (N.D. Cal. April 10, 2013) ("[T]he historical fact remains that Plaintiff's account was delinquent in those months . . . the report contains only accurate information and is not misleading"); *Giovanni v. Bank of America, N.A.*, No. C 12-02530 LB, 2013 WL 1663335 (N.D. Cal. April 17, 2013) ("[T]he 'charge off' notation does not support liability, either.").

Landini also argues that she need not prove that FIA actually reported inaccurate information, as long as she demonstrates that FIA's investigation was unreasonable. However, as here, where there is evidence that a furnisher received notice of the dispute and conducted some investigation, regardless of how superficial the investigation actually was, the Court cannot conclude it was unreasonable when the furnisher provided only accurate information in the first place.

Landini has not established that FIA reported any inaccurate or materially misleading information, nor has she demonstrated the existence of a bona fide dispute such that FIA's failure to report the dispute constitutes incomplete reporting pursuant to the FCRA. Accordingly, the Court finds that Landini has failed to show the existence of a genuine dispute of a material fact, and FIA is entitled to summary judgment on the FCRA claim.

C. Consumer Credit Reporting Agencies Act

The CCRAA provides that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civil Code § 1785.25(a). In determining whether an item of credit is inaccurate, the same test is applied under the FCRA and the CCRAA. *See Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 890-91 (9th Cir. 2010) ("Accordingly, in considering whether [plaintiff]'s credit report was inaccurate within the meaning of the CCRAA, we are guided by *Gorman*'s 'patently incorrect or materially misleading' standard."). As discussed above, the Court finds that Landini has not raised a genuine dispute as to

1 whether FIA's reporting was inaccurate. Accordingly, FIA is entitled to summary judgment on this
2 claim as well.

### D. Unfair Competition Law

The sole basis for Landini's UCL claim, as alleged in the FAC, is FIA's violation of the CCRAA. However, because the Court finds that FIA is entitled to summary judgment on the CCRAA claim, FIA is likewise entitled to summary judgment on the UCL claim.

## CONCLUSION

Based on the foregoing, defendant's summary judgment motion is granted as to all claims for relief. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 14, 2014



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-01153 HRL Notice will be electronically mailed to:**

Abraham Joshua Colman     acolman@reedsmith.com, fyu@reedsmith.com, gsanderson@reedsmith.com, vlam@reedsmith.com

Cristyn Nicole Chadwick     cchadwick@reedsmith.com, yrodriguez@reedsmith.com

Elliot Wayne Gale     egale@sagarialaw.com, Glenox@sagarialaw.com, Josborne@sagarialaw.com

Jarrett Stanton Osborne-Revis     Josborne@sagarialaw.com

Raymond Yoon Ho Kim     rkim@reedsmith.com, pkeen@reedsmith.com

Scott Joseph Sagaria     sjsagaria@sagarialaw.com, mmccrory@sagarialaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**